**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRISON LEWIS, III,<br><br>Petitioner,<br><br>v.<br><br>RACHEL THOMPSON,<br><br>Respondent. | Civil Action No. 24-228 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Harrison Lewis III pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed a response to the petition (ECF No. 13), to which Petitioner responded with a purported motion for summary judgment. (ECF No. 14.) Also before the Court are Petitioner's motion to strike one of his prior filings (ECF No. 11), and a purported motion for emergency injunctive relief Petitioner filed (ECF No. 19) which is unrelated to his current petition and concerns a separate disciplinary proceeding. Having reviewed the motion to strike, and good cause having been shown, Petitioner's motion to strike his filing docketed at ECF No. 10 is granted. For the following reasons, Petitioner's habeas petition is denied, Petitioner's motion for summary judgment is denied, and Petitioner's motion for injunctive relief shall be denied without prejudice in light of the denial of his habeas petition.

I.  **BACKGROUND**

Petitioner is a convicted prisoner currently serving his criminal sentence at FCI Fort Dix. (ECF No. 1 at 1.) In his habeas petition, Petitioner argues that although he has accrued a significant number of credits under the First Step Act, those credits are not being applied to hasten either his supervised release or placement in a residential facility. (*Id.* at 1-3.; ECF No. 14.) The Government agrees that Petitioner is not categorically barred from earning credits under the Act, admits that Petitioner has accrued a years' worth of credits towards early supervised release and nearly five hundred days of credits towards early prerelease custody, but contends that Petitioner's own actions have rendered him ineligible to apply those credits. (ECF No. 13-1 at 2.) Specifically, the Government notes that Petitioner is currently refusing to participate in the Inmate Financial Responsibility program, which he has sporadically done in the past and has been doing since February 8, 2024. (*See* ECF No. 13-1 at 2, 15-22.) This refusal, the Government contends, renders him ineligible to apply his First Step Act credits. (*Id.*)

II.  **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

III.  **DISCUSSION**

In his current petition, Petitioner contends that he is being unlawfully denied the benefit of credits towards his sentence under the First Step Act. The First Step Act provides eligible inmates

with the ability to accrue and apply credits towards early supervised release and early release into prerelease custody as an incentive for participating in "evidence-based recidivism reduction programs." 18 U.S.C. § 3632(d). Successful participation in such recidivism reduction programs is thus a prerequisite to both earning and applying credits under the Act. 18 U.S.C. §§ 3632(d)(4)(A)(i); 3632(d)(4)(C). The Statute expressly provided authority to the Attorney General, acting through the BOP, to adopt regulations to determine "when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs" and when to reduce such incentives and rewards for bad behavior. 18 U.S.C. § 3632(a)(6). Under the regulations adopted by the BOP, in order to be considered to be successfully completing recidivism reduction programs sufficient to earn or apply credits under the Act, a prisoner may not "opt out" of participating in the programs provided by the BOP. *See* 28 C.F.R. § 523.41(c)(2)-(4). An inmate who "opts out" of a recommended recidivism reduction program is "exclu[ded] from further benefits or privileges under the FSA, until the date the inmate 'opts in' (chooses to participate in the [recidivism reduction] programs . . . that the [BOP] has recommended based on the inmate's individualized risk and needs assessment." 28 C.F.R. § 523.41(c)(5)(iii). The BOP has adopted guidelines which make the financial responsibility program one of these required programs, and has explicitly determined that those refusing to participate in the financial responsibility program are considered in "opt out" status and thus cannot accrue and apply First Step Act credits until they opt back into the program. *See BOP Program Statement 5410.01*, www.bop.gov/policy/progstat/5410.01_cn.pdf (last visited July 19, 2024); *First Step Act Approved Programs Guide* (Sept. 2023), www.bop.gov/inmates/fsa/docs/fsa_guide_eng_2023.pdf (last visited July 19, 2024).

Because Petitioner is currently in opt out status for the financial responsibility program, he may not earn or apply his First Step Act credits unless and until he resumes opting into the

3

program. 28 C.F.R. § 523.41(c)(5)(iii). Petitioner's contention that he is being improperly denied the use of his credits it thus incorrect. Petitioner has chosen to opt out of a required program, and may not earn or apply further credits unless he opts back into that program. Therefore, Petitioner's habeas petition must be denied. To the extent Petitioner wishes to earn or use his First Step Act credits, he must simply opt back into the financial responsibility program and take the actions required to do so. It is Petitioner himself, rather than the BOP, which is depriving Petitioner of the credits he wishes to use, and Petitioner alone can take the actions necessary to opt back in to earning and applying his credits. Petitioner's habeas petition and motion seeking summary judgment in this matter are therefore both denied.

Finally, the Court notes that Petitioner has filed a purported motion for emergency injunctive relief, which is effectively a motion seeking a temporary restraining order or preliminary injunction. (ECF No. 19.) That motion, however, does not relate in any way to the credits claim in Petitioner's current habeas petition, but instead concerns the outcome of a separate disciplinary proceeding. To the extent Petitioner wishes to pursue a claim for relief, injunctive or otherwise, based on this separate disciplinary proceeding, he must file a new habeas or civil rights action raising claims based on the disciplinary proceeding, he may not do so in this action which is completely unrelated to the claims contained in the motion. In any event, even if Petitioner could pursue his claims in this action, a prerequisite to injunctive relief is a showing by Petitioner of a likelihood of success on the merits. *See Bennington Foods, LLC v. St. Croix Renaissance Group, LLP*, 528 F.3d 176, 179 (3d Cir. 2008); *Ward v. Aviles*, No. 11-6252, 2012 WL 2341499, at *1 (D.N.J. June 18, 2012). As Petitioner's current habeas petition shall be denied, Petitioner has not shown a likelihood of success on the merits in this action. Likewise, because there are no claims in Petitioner's current habeas petition related to the disciplinary proceeding in question, there are no claims currently before the Court on whose likely success Petitioner's requested injunctive

relief – i.e., the overturning of his disciplinary sanctions – could rest. Petitioner's motion is therefore denied without prejudice to Petitioner filing a new habeas petition related to the disciplinary hearing in question.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's motion to strike ECF No. 10 (ECF No. 11) is GRANTED; Petitioner's habeas petition (ECF No. 1) and motion for summary judgment (ECF No. 14) are both **DENIED**; and Petitioner's purported emergency motion seeking injunctive relief (ECF No. 19) is **DENIED WITHOUT PREJUDICE** to Petitioner pursuing the claims contained in the motion by filing a new and separate habeas petition. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge