**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HARRISON LEWIS, III,

    Petitioner,

v.

RACHEL THOMPSON,

    Respondent.

Civil Action No. 24-228 (KMW)

**MEMORANDUM ORDER**

This matter comes before the Court on Petitioner's motion seeking an extension of time to file his application to proceed *in forma pauperis* on appeal (ECF No. 26) and Petitioner's application to proceed *in forma pauperis* on appeal in this habeas matter. (ECF No. 27.) Pursuant to Federal Rule of Appellate Procedure 24(a)(1), this Court may grant a petitioner *in forma pauperis* status on appeal only where the petitioner shows, in the detail required by Form 4 of the Appendix of Forms, that he is unable to pay or to give security for the fees and costs on appeals, and states the issues that he intends to present on appeal. Under Local Appellate Rule 24.1(c), however, in those cases where 28 U.S.C. § 1915(b) does not apply, such as in the habeas context, those prisoners seeking to appeal *in forma pauperis* must also file "an affidavit of poverty in the form prescribed by the Federal Rules of Appellate Procedure accompanied by a certified statement of the prison account statement(s) (or institutional equivalent) for the 6 month period preceding the filing of the notice of appeal."

The Court having reviewed Petitioner's request for an extension, and good cause having been shown, that request is granted. Turning to Petitioner's application to proceed *in forma*

*pauperis* on appeal, the Court notes that although Petitioner has provided an affidavit of indigence and a copy of his account statement, the account statement he has provided has not been certified by an appropriate official at the prison in which Petitioner is housed as required by the Local Appellate Rules. (*See* ECF No. 27 at 7-9.) Instead, Petitioner merely writes that one employee, a case manager named Tully, "refused to sign on 9/3/2024." Petitioner does not allege that Tully is the only prison official empowered to certify account statements, nor does he detail any attempts to have other prison officials sign off on his account statement. In the absence of such details, this Court cannot excuse Petitioner's failure to meet the requirements of the local rules, and Petitioner's application to proceed *in forma pauperis* on appeal is therefore denied without prejudice at this time. Petitioner shall be granted leave to refile his application within thirty days.

**IT IS THEREFORE** on this 20th day of September, 2024,

**ORDERED** that the Clerk of the Court shall **RE-OPEN** this matter for the purpose of this Order only; and it is further

**ORDERED** that Petitioner's motion seeking an extension of time within which to file his *in forma pauperis* application (ECF No. 26) is **GRANTED**; and it is further

**ORDERED** that Petitioner's application seeking leave to proceed *in forma pauperis* on appeal (ECF No. 27) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall provide Petitioner with a blank copy of an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis[1]; and it is further

**ORDERED** that Petitioner is given leave to file another application for leave to proceed *in forma pauperis* on appeal within thirty (30) days of the date of this order; and it is further

---

[1] *See* http://www2.ca3.uscourts.gov/legacyfiles/ifp_affidavit.pdf.

2

**ORDERED** that if Petitioner wishes to refile his application for leave to proceed *in forma pauperis* on appeal, he must do so by filing a new application accompanied by an affidavit setting forth his indigence in the required detail, and a certified six-month prison account statement from the facility in which he is detained; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular U.S. mail and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge