**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRISON LEWIS, III,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RACHEL THOMPSON,<br><br>　　　　　Respondent. | Civil Action No. 24-228 (KMW)<br><br>**MEMORANDUM ORDER** |

　　　　This matter comes before the Court on Petitioner's motion seeking to compel prison staff at FCI Fort Dix to sign and certify a prison account statement in support of his request to proceed *in forma pauperis* on appeal. (ECF No. 30.) By way of background, Petitioner previously submitted a motion for leave to appeal *in forma pauperis* which this Court denied without prejudice as Petitioner had failed to provide a certified account statement in accordance with the applicable rules, and had only stated that a single prison employee – a case manager named Tully – had refused to sign his statement on September 3, 2024. (*See* ECF No. 28 at 2.) This Court declined at that time to excuse the failure on this basis as the appellate rules require certification by an appropriate prison official, and Petitioner had failed to allege, let alone certify, that Tully was the only prison official empowered to certify his account statement and that other prison staff were unwilling to help him. (*Id.*)

　　　　In his new motion, Petitioner asks the Court to compel Tully, who Petitioner believes would otherwise be in contempt of this Court's prior order requiring *Petitioner* to provide a

certified account statement,[1] to certify his account statement. (*See* ECF No. 30 at 1-5.) The documents Petitioner provides, however, indicate that Petitioner was already directed to another official to address his concerns, apparently Tully's supervisors, and it does not appear that Petitioner completed making a request to this individual before filing his current motion. (*See* ECF No. 30 at 5.) As it is not clear that Petitioner sought certification from individuals other than Tully, and Petitioner has not fully detailed his efforts to otherwise acquire a certified account statement, this Court will deny the motion to compel prison officials to certify Petitioner's account statement. To the extent that Petitioner cannot acquire a certified statement from other prison officials, he may file a new application to appeal *in forma pauperis* within thirty days and in lieu of the certified statement he may provide the Court with a certification detailing the steps he took to get his statement certified, and the results of those steps. If Petitioner can show that he attempted to acquire the certified statement through other officials and was prevented from accomplishing that goal, this Court may excuse the failure to provide a certified statement.

**IT IS THEREFORE** on this 21st day of October, 2024,

**ORDERED** that the Clerk of the Court shall **RE-OPEN** this matter for the purpose of this Order only; and it is further

**ORDERED** that Petitioner's motion seeking to compel the certification of his prison account statement (ECF No. 30) is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall provide Petitioner with a blank copy of an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis[2]; and it is further

---

[1] Tully is not a party to this matter, nor has this Court ordered Tully to take any action whatsoever, and it is by no means clear that this Court has the authority to force Tully to certify a document against his will. To the extent Petitioner believes Tully is in contempt of court, he is clearly mistaken.

[2] *See* http://www2.ca3.uscourts.gov/legacyfiles/ifp_affidavit.pdf.

**ORDERED** that Petitioner is given leave to file another application for leave to proceed *in forma pauperis* on appeal within thirty (30) days of the date of this order; and it is further

**ORDERED** that if Petitioner wishes to refile his application for leave to proceed *in forma pauperis* on appeal, he must do so by filing a new application accompanied by an affidavit setting forth his indigence in the required detail, and either a certified six-month prison account statement from the facility in which he is detained or a certification detailing the steps he took to acquire a certified account statement and the reason those attempts were unsuccessful; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular U.S. mail and shall **CLOSE** the file.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge